IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:25-cv-01015 |
|     Debtor. ) | Judge Trauger |
| ) | |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Appeal from |
| HAGH LAW, PLLC; AFSOON HAGH; ) | United States Bankruptcy Court |
| MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 (Walker, J.) |
| ) | Adv. Proc. No. 3:20-ap-90002 |
|     Defendants. ) | |

## MOTION FOR SUMMARY AFFIRMANCE

Comes now Chapter 7 Trustee Jeanne Ann Burton, who respectfully moves this Court under Local Rule 81.01 for "summary affirmance" of the two Bankruptcy Court orders on appeal after Defendants missed their record-designation deadline—for the third straight appeal.

## BACKGROUND

In Defendants' now *third* appeal in their underlying bankruptcy adversary proceeding, they know how the process works. *See* Doc. 1-1, Bankr. Dkt. (Not. of Apps. at Nos. 184, 231, 309). Their first appeal asked this Court to order Judge Walker to sit for a deposition, with this Court finding zero extraordinary circumstances meriting that. *Id.* (No. 218, Dist. Ct. Order (Trauger, J.)). Their second appeal, to have Judge Walker recused, failed all the way to the Sixth Circuit. *Id.* (No. 239, Dist. Ct. Order (Trauger, J.); No. 243 CA6 Order). And now a third comes before this same Court, with Defendants upset at Judge Walker imposing sanctions for not following an explicit judicial order. *See* Docs. 1-2 & 1-3 (Bankr. Orders on App.).

Despite their prior experience, Defendants have missed their record-designation deadline—like in all of their appeals in this case.

# ARGUMENT

Defendants missing the same deadline three times in a row is enough. Bankruptcy Rule 8009(a) gave them 14 days from filing their notice of appeal to then "file and serve" their designation of record on appeal. Per this Court's local rules, "[f]ailure by an appellant to comply with the provisions of any of Rules *8009*, 8010, or 8018 of the Federal Rules of Bankruptcy Procedure *will* result in summary affirmance of the decision of the Bankruptcy Judge." M.D. Tenn. LR81.01 (emphasis added). While the Sixth Circuit generally "disapprov[es]" of dismissing an appeal for "failure to comply with technical aspects" of Rule 8009, it will do so when an appellant misses deadlines because of bad faith, "negligent oversight," or as "a dilatory tactic intended for the purpose of delay." *Shelley v. Brandt*, No. 3:21-CV-00142, 2021 WL 3130830, at *4 (M.D. Tenn. July 23, 2021) (quoting *Conn Aire, Inc. v. J.C. Leasing*, No. 88-5771, 1989 WL 76155, at * 2-3 (6th Cir. 1989)).

Here, missing the record-designation deadline has happened with all three of Defendants' appeals in this protracted case. In the first, filed June 14, 2022, the designation came on June 29 (1 day late). *See* Doc. 1-1, Bankr. Dkt. (No. 184, Not. of App.; No. 195, Appts' Desg.). In the second, filed April 18, 2023, the designation came on May 5 (3 days late). *Id.* (No. 231, Not. of App.; No. 236, Appts' Desg.). And now for the third, filed September 3, 2025, the designation deadline of September 17 has come and gone (3 days late). *Id.* (No. 309, Not. of App.). This being their third time around, Defendants should know how this process works, and even if not, "it is not the Court's job to inform parties of their filing responsibilities." *Bell v. McLemore*, No. 3:18-CV-01173, 2019 WL 1324598, at *2 (M.D. Tenn. Mar. 25, 2019). Yet once more Trustee Burton, this Court, and every single creditor in the underlying bankruptcy wait on Defendants to decide when filing the record-designation is most convenient for them.

Whether "negligent oversight" or a "dilatory tactic," Defendants' triple delay qualifies for summary affirmance under LR81.01. *Conn Aire*, 1989 WL 76155, at * 2-3.

## CONCLUSION

Litigation runs on deadlines.  It promotes efficiency, sets expectations, and ensures finality. To remind Defendants of that, this Court should summarily affirm the Bankruptcy Court orders on appeal now that Defendants have missed the same deadline three times in a row.

Respectfully submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Ronald G. Steen, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6000
phillip@thompsonburton.com
ronn@thompsonburton.com
*Counsel to Trustee Burton*

## CERTIFICATE OF SERVICE

       I hereby certify that, on the same day as this filing, a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing.

       */s/ Phillip G. Young, Jr.*
       Phillip G. Young, Jr.